**Linda M. BRADLEY, Appellant,**

v.

**KEMPER· INSURANCE COMPANY.**

No. 03–4764.

United States Court of Appeals, Third Circuit.

Argued Nov. 19, 2004.

Decided Feb. 8, 2005.

Samuel J. Cordes, (Argued), Ogg, Cordes, Murphy & Ignelzi, Pittsburgh, PA, for Appellant.

Julie L. Trester, (Argued), Paul R. Garry, Michael I. Leonard, Meckler, Bulger & Tilson, Chicago, IL, for Appellee.

Before ROTH and SMITH, Circuit Judges, and DEBEVOISE,[*] District Judge.

## OPINION

ROTH, Circuit Judge.

On March 7, 2001, Kemper Insurance Company[2] fired Linda Bradley, a Claims Representative in the company's Warrendale, Pennsylvania office. Bradley filed a discriminatory retaliation claim against Kemper under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a) (2004). Bradley alleged that Kemper fired her because of phone calls she had on March 5th and 6th with Christine Doherty and Lamont Moore, Human Resource Managers at Kemper. Bradley alleged that in those phone calls she complained that her boss, Michael Farmer, was sexually harassing her and creating a hostile work environment for her. Bradley also alleged that both Doherty and Moore understood and acknowledged that Bradley was making a sexual harassment complaint and indicated explicitly and implicitly that Bradley did not have to fear for her job because she was making such allegations against Farmer.

Kemper filed a Motion for Summary Judgment. In her Report and Recommendation (R & R), the Magistrate Judge determined that Bradley failed to sufficiently establish facts necessary to satisfy a discriminatory retaliation claim and that, while she might have complaints of a hostile work environment, she had not demonstrated that this environment was motivated by her gender. The District Court also held that Bradley did not properly plead in her Complaint the "perception theory" of relief. The District Court adopted the Magistrate Judge's R & R and granted summary judgment to the defendants.

The District Court had subject matter jurisdiction of this case pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(3), and 28 U.S.C. §§ 1331 and 1343(a)(4). *See Rego v. Arc Water Treatment Co. of Pa.*, 181 F.3d 396, 398 (3d Cir.1999). We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. *See id.*

We exercise plenary review over the District Court's grant of summary judgment and apply, *de novo*, the same standard that the District Court applied. *Doe v. Cty. of Centre, Pa.*, 242 F.3d 437, 446 (3d

---

[*] The Honorable Dickinson Debevoise, United States District Judge for the District of New Jersey, sitting by designation.

**2.** The Defendant has claimed that it was incorrectly sued under the wrong name, Kemper Insurance Company. The Defendant refers to itself as Lumbermens Mutual Casualty Insurance Company. The District Court, however, decided to refer to the Defendant as Kemper Insurance Company to remain consistent with the case caption, which has remained unchanged. We will do the same.

Cir.2001). A grant of summary judgment is appropriate where the moving party has established that there is no genuine dispute of material fact and "the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (citing FED. R. CIV. P. 56(c)). Where the defendant is the moving party, the initial burden is on the defendant to show that the plaintiff has failed to establish one or more essential elements to her case. *See Celotex Corp.,* 477 U.S. at 323–24. On a motion for summary judgment, a district court must view the facts in the light most favorable to the non-moving party and must make all reasonable inferences in that party's favor. *See Marzano v. Computer Sci. Corp.,* 91 F.3d 497, 501 (3d Cir.1996) (citing *Armbruster v. Unisys Corp.,* 32 F.3d 768, 777 (3d Cir.1994)).

To survive a motion for summary judgment, the non-moving party cannot solely rest upon her allegations in the pleadings but rather must set forth specific facts such that a reasonable jury could find in the non-moving party's favor, *see Saldana v. Kmart Corp.,* 260 F.3d 228, 232 (3d Cir.2001), thereby establishing a genuine issue of fact for trial. *See* FED. R. CIV. P. 56(e). While the evidence that the non-moving party presents may be either direct or circumstantial, and need not be as great as a preponderance, the evidence must be more than a scintilla. *See Saldana,* 260 F.3d at 232; *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

This case involves a claim for discriminatory retaliation under Title VII. A prima facie case of discriminatory retaliation has three elements: (1) the plaintiff was engaged in a protected activity, (2) the employer took an adverse employment action against the plaintiff, and (3) there was a causal connection between the engagement in the protected activity and the adverse employment action. *See Robinson v. Pittsburgh,* 120 F.3d 1286, 1299 (3d Cir. 1997) (quoting *Nelson v. Upsala College,* 51 F.3d 383, 386 (3d Cir.1995)). A plaintiff has the initial burden of establishing each of these elements. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) (articulating burden shifting for discrimination claims under Title VII). Because the District Court, in its grant of summary judgment, did not reach the second and third elements of the retaliation claim, we address only the first element.

Although we believe that this is a close case, we conclude that, looking at the evidence in the light most favorable to Bradley, the non-moving party, there is a material issue of fact whether Farmer's conduct was motivated by the fact that Bradley is a woman. Bradley testified in her deposition that she had conversations concerning Farmer's behavior with two human resource managers at Kemper—Doherty and Moore. Bradley said that Doherty told her "I will discuss this with Mike Farmer and I will get back to you but the office does not tolerate this kind of behavior and something will be done about it." Bradley also testified that when she asked Doherty about her job, Doherty said, "You don't have to worry." Bradley said that Moore told her, "that [Moore] talked to Mike Farmer and Mike Farmer agreed that [Farmer] may have crossed the line." Bradley also testified that Moore told Bradley she "shouldn't fear that [Bradley's] job is in jeopardy because [she] filed a sexual harassment claim." Based on Bradley's testimony, a reasonable jury could conclude that Kemper, via its human resource managers, believed that Bradley was engaged in an activity that Title VII protected when she complained of Farmer's behavior. Therefore, we conclude that

Bradley satisfied the first element of a discriminatory retaliation claim for purposes of defeating a Motion for Summary Judgment.

Moreover, although Bradley did not raise her perception theory of relief until her brief in opposition to Kemper's motion for summary judgment, *see Fogleman v. Mercy Hosp., Inc.*, 283 F.3d 561, 571–72 (3d Cir.2002), we conclude that it would be prudent to permit her on remand to amend her complaint to add such a claim if she is still disposed to do so. *See Sola v. Lafayette College*, 804 F.2d 40, 45 (3d Cir.1986) (reversing district court's grant of summary judgment, which was based on plaintiff's claim being raised for first time in opposition brief and at oral argument because district court should have considered plaintiff's opposition brief and oral argument as a motion to amend the complaint).

We believe that Bradley has sufficiently demonstrated the existence of genuine issues of material fact that preclude summary judgment. Therefore, we will reverse the grant of summary judgment to Kemper and remand this case to the District Court for further proceedings consistent with this opinion.